## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) KYMBERLEIGH STEWART, | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) Case No. 16-cv-112-JHP-FHM |
| (1) AMERICA AUTO PARKS, LLC d/b/a | ) |
| AMERICAN PARKING; and | ) |
| (2) WALLACE CLAY, an individual | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT

COMES NOW, the Plaintiff, by and through her attorneys of record, and hereby submits this Complaint against America Auto Parks, LLC d/b/a American Parking, and Wallace Clay, an individual.

### JURISDICTION

1.      Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(4) and 28 U.S.C. § 1331, and the state law claims pursuant to the doctrine of pendent jurisdiction.

2.      This Court has jurisdiction of the parties and the subject matter herein while venue is proper in this Court.

3.      This action arises under 42 U.S.C. § 2000e et.seq.

4.      Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. §2202, as are compensatory and punitive damages.

1

5.     Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

6.     This action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. §1391(c) because the claims herein arose in this judicial district.

PARTIES

Plaintiff incorporates the above paragraphs by reference and further states and alleges as follows:

7.     Plaintiff was, and at all times hereinafter mentioned, domiciled in and a citizen of the State of Oklahoma, and is a Caucasian female.

8.     Defendant American Auto Parks, LLC d/b/a American Parking ("American Parking") is an Oklahoma Limited Liability Corporation, existing under the laws of the State of Oklahoma, and was at all times hereinafter mentioned, qualified to do and to transact business in the City of Tulsa, State of Oklahoma.

9.     American Parking is an "employer" as defined by federal law; and thus is subject to federal law.

10.     Defendant Wallace Clay (hereinafter "Clay"), was at the time of occurrences upon which this Complaint is based, was an employee and/or agent of American Parking.

11.     In conformance with Title VII statutory prerequisites, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission, ("EEOC") referenced as Charge number 564-2015-01340.

2

12.     More than 180 days has elapsed since the filing of said complaint without a hearing or right to sue letter issued nor a request for extension of time to conclude the investigation. Accordingly, Plaintiff has complied with all statutory perquisites and this Court may hear the matter.

GENERAL ALLEGATIONS

Plaintiff incorporates the above paragraphs by reference and further states and alleges as follows:

13.     Plaintiff began working for American Parking in approximately May of 2014 and was assigned to the parking garage in downtown Tulsa.

14.     Plaintiff's direct supervisor was Wallace Clay, an African-American male in his 50's.

15.     Immediately upon Plaintiff's employment, she was subjected to sexual harassment that included invitations for romantic and sexual encounters as well as a hostile and verbally abusive work environment by Defendant Clay.

16.     Clay became increasingly inappropriate with Plaintiff by standing very close to her and making sexual remarks about me and other female staff members.

17.     Clay escalated his sexual harassment to include sending sexually explicit, inappropriate and sometime threatening text messages to Plaintiff.

18.     When Plaintiff ignored Clay's advances she was transferred and the harassment continued.

19.     In keeping with the Employment Handbook of American Parking, Plaintiff reported the harassment and text messages to another Supervisor in a different department.

3

20.     Subsequently, a meeting was held with Plaintiff and the owner of American Parking, George Shaffer.

21.     At the meeting with Mr. Shaffer, Plaintiff was told Clay had reported the unwanted advances were "consensual" while Shaffer's attitude was dismissive and condescending, particularly when he learned that my boyfriend is an African-American.

22.     Although the employment manual provides for no tolerance of sexual harassment, Clay was given a slight reprimand of a two-day suspension over a Holiday weekend.

23.     When Plaintiff came to work before the July 4th weekend, she was informed Clay would not be there but learned he was bragging about how he was going to have a great weekend because he got extra time off.

24.     Clay remained Plaintiff's supervisor.

25.     After Plaintiff's complaints, Clay began a campaign of complaints and written reprimands to my permanent employment file while before Plaintiff's performance had earned good reviews.

26.     When Plaintiff again complained about the written, defamatory reports by Clay, Plaintiff was told to ignore the reprimands because Human Resources of American Parking was ignoring them.

27.     The evening after Clay was suspended, Plaintiff returned home and found the word "bitch" had been scratched into the wood of her door.

28.     Facing the possibility of having to remain working with Clay as Plaintiff's supervisor caused her enormous stress, anguish, and illness; and accordingly, Plaintiff had no choice

4

but to terminate her employment with American Parking and was thus, constructively discharged.

29.     By and through, but not limited to, the events described above, Plaintiff's conditions of employment were adversely affected due to the on-going sexual harassment and retaliation directed towards Plaintiff.

30.     By and through, but not limited to, the actions described above, the Defendants have violated Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C.§ 2000e, et.seq.

31.     As a direct and proximate result of said actions by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

32.     Defendants' actions were willful and done with reckless indifference to Plaintiffs rights, thus warranting the award of punitive damages to Plaintiff.

33.     Plaintiff has been injured by this on-going sexual harassment, and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act 1964 and 1991.

RETALIATION

Plaintiff incorporates the above paragraphs by reference and further states and alleges as follows:

34.     Plaintiff was given adverse employment reports by Clay as a result of her complaints regarding the sexual harassment.

5

35.    Plaintiff's claims are actionable under the decision of *Burk v. K-Mart Corp.*, 770 P.2d 24, 28-29 (Okla.1989).

36.    Plaintiff is entitled to damages that include compensatory and actual damages as well as other damages allowed by law.

## CONSTRUCTIVE DISCHARGE, NEGLIGENT SUPERVISION, WRONGFUL HIRING, AND NEGLIGENCE

Plaintiff incorporates the above paragraphs by reference and further states and alleges as follows:

37.    That Defendant Clay was an employee of American Parking at the time of the occurrences which form the basis for this lawsuit.

38.    That American Parking owed a duty to Plaintiff not to hire or retain employees that pose a risk of harm to her.

39.    That American Parking breached that duty by negligently hiring and negligently supervising Defendant Clay when it knew or should have known that he had the propensity to engage in injurious conduct.

40.    That Plaintiff sustained injuries as a result of the negligent hiring and supervision of Defendant Clay.

41.    That American Parking owed a care of duty to Plaintiff to conduct their operations with respect to their employees safely.

42.    That American Parking breached that duty of care when American Parking failed to investigate the background(s) of Defendant Clay; take necessary action when alerted of Defendant Clay's inappropriate behavior; and was generally negligent.

6

43.     That Defendants' negligence caused the damages of Plaintiff.

WHEREFORE, Plaintiff prays for a declaration that the conduct engaged in by Defendants is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation; costs and expenses, including reasonable attorney's fees as provided for by applicable law; and for any such other legal or equitable relief this Honorable Court deems just and proper.

JURY TRIAL DEMANDED

ATTORNEY'S LIEN CLAIMED

Respectfully submitted,

/s/Julia D. Allen

_____
JULIA D. ALLEN, OBA #16305
3400 East 33rd Street
Tulsa, Oklahoma 74135
(918) 585-5500
(918) 392-0510 facsimile

7